IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RAYMOND KEITH THOMAS                                                                    PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 5:22-cv-81-DCB-FKB

J. BURKES, Medical Doctor, individual capacity;
and D. GREER, HSA Medical Director, individual capacity             DEFENDANTS

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant D. Greer's Motion for Summary Judgment [23] based on Plaintiff Raymond Keith Thomas' failure to exhaust administrative remedies. Having considered the submissions and applicable law, the undersigned recommends that Greer's summary judgment motion be granted and that she, and the claims against her, be dismissed without prejudice.

I.   BACKGROUND

Plaintiff Raymond Keith Thomas is a convicted inmate in the custody of the Mississippi Department of Corrections ("MDOC"). He is proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"), and brings this suit pursuant to 42 U.S.C. § 1983. *See* Compl. [1] at 3; Order [6].

Thomas complains about an incident that occurred while he was housed in the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. Thomas states that about seven years ago he had surgery to repair a hernia. [1] at 4. Then in August 2021, his hernia "popped back out." *Id*. Thomas was seen by Defendant Dr. Burke on March 15, 2022. *Id*. at 7. According to Thomas, Dr. Burke refused to refer Thomas for another hernia surgery and refused to prescribe him pain medication. *Id*. 7-8. Thomas alleges that Defendant D. Greer also refused

to prescribe him "any pain medicine or surgery." *Id*. at 5, 8. An omnibus hearing was held on July 12, 2023, and Thomas reiterated his claims. [25] at 1.

On July 5, 2023, Greer filed the instant motion, arguing that Thomas failed to properly exhaust his available administrative remedies against her prior to filing this lawsuit. *See* [23] at 1. Thomas did not file a response, and the time for doing so has expired.

## II.   RELEVANT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the nonmoving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III.   DISCUSSION

Statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before filing a § 1983 action in federal court. The relevant portion of 42 U.S.C. § 1997e, as amended by the PLRA, states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 at 739–41. The Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Jones v. Bock*, 549 U.S. 199 (2007) (reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzales*, 702 F.3d at 788. A prisoner's grievance must be sufficiently specific to provide officials with "a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). The PLRA dictates proper exhaustion, meaning that "prisoners must complete the administrative review process in

3

accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Jones*, 549 U.S. at 218); ); *see also Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) ("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them."). The exhaustion requirement is satisfied only if the prisoner pursues the administrative remedy "to conclusion." *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

MDOC employs a two-step ARP process through which an inmate may present grievances relating to his incarceration. *See Jackson v. Hall*, 763 F. App'x 376, 377 (5th Cir. 2019). To utilize the ARP,

> [a]n inmate must file a grievance within 30 days of the complained of incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may appeal to step two. If the inmate disagrees with the step two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369-70 (5th Cir. 2018).

Greer maintains that Thomas failed to name her in his ARP grievances alleging any wrongful conduct relating to his hernia. [23] at 1. For this reason, Greer argues she is entitled to summary judgment dismissing Thomas's claims against her because he failed to exhaust his administrative remedies prior to filing this case. As stated above, Thomas did not file a response to the summary judgment motion, and the time for doing so has expired.

Thomas admitted in his sworn testimony at the omnibus hearing that he had received a copy of Greer's summary judgment motion. Omnibus Hr'g Tr. [28] at 13. Thomas testified that Exhibit 1 to Greer's summary judgment motion was the one Thomas had filed concerning his hernia, instead of the one (Exhibit A) he attached to his complaint. *See id*. at 13-14. Thomas also testified that he did not "mention" or "include" Greer in his ARP grievances complaining about

4

his hernia. *Id*. at 14. By his own testimony, it is clear that Thomas did not provide Greer with "a fair opportunity to address the problem" that later formed the basis of this lawsuit and therefore, Thomas has not met the exhaustion requirement to proceed against Greer. *See Johnson*, 385 F.3d at 517. Because Thomas failed to exhaust his administrative remedies as to his claims against Greer prior to filing this case, dismissal of Greer and the claims against her is required.

IV.   CONCLUSION

For the foregoing reasons, the undersigned recommends that Greer's Motion for Summary Judgment [23] be granted and that she, and the claims against her, be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPCTFULLY SUBMITTED, this the 3rd day of November, 2023.

s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).