```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION
```

RAYMOND KEITH THOMAS                                         PLAINTIFF

v.                         CIVIL ACTION NO. 5:22-cv-81-DCB-FKB

J. BURKES, Medical Doctor, individual capacity;
and D. GREER, HSA Medical Director,

individual capacity                                         DEFENDANTS


## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of Magistrate Judge F. Keith Ball [ECF No. 30] (the "R&R"). Because Plaintiff Raymond Keith Thomas ("Plaintiff") failed to exhaust administrative remedies, Magistrate Judge Ball recommends that Defendant D. Greer ("Greer")'s Motion for Summary Judgment [ECF No. 23] be granted and that Greer be dismissed without prejudice from this lawsuit.

No party has filed an objection to the R&R, and the deadline for filing objections has passed. Where no party objects to the magistrate judge's report and recommendation and the report contains a warning (as this one does)[1] about the consequences of

---

[1] The R&R notified the parties of the opportunity to object and the time deadline for doing so. The R&R also warned the parties of the consequences that result from a failure to object. [ECF No. 123] at 6; see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

1

failing to object, the Court is not required to perform a de novo review of the magistrate judge's determination.  In such cases, the standard of review is whether the report and recommendation is clearly erroneous or contrary to law.  Quinn v. Guerrero, 863 F.3d 353, 358 (5th Cir. 2017) (" … a party is not entitled *de novo* review after failing to file written objections to the magistrate judge's R&R within a certain period of time."); Magdalena Garcia v. Sessions, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) ("Where no party objects to the Magistrate Judge's Report and Recommendation, the Court … need only review it to decide whether the Report and Recommendation is clearly erroneous or contrary to law.").

    Having carefully reviewed the R&R, the parties' submissions, the Official Transcript of the Omnibus Proceedings, the grievance that Plaintiff filed through the prison's Administrative Remedy Program, and the relevant law, the Court finds no clear error and will adopt the R&R as the findings and conclusions of this Court.

    A prisoner's exhaustion of administrative remedies prior to suit is mandatory.   42 U.S.C. § 1997e(a)[2]; e.g., Booth v. Churner,

---

[2] **(a) Applicability of administrative remedies**
No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e

532 U.S. 731 (2001); Gonzalez v. Seal, 702 F.3d 785 (5th Cir. 2012). Plaintiff filed an administrative grievance through the Mississippi Department of Corrections Administrative Remedy Program ("ARP"), but his grievance did not mention Greer or the claim that Plaintiff now asserts against her. [ECF No. 23-1] at 1. Magistrate Judge Ball conducted an omnibus hearing on July 12, 2023, during which Plaintiff confirmed in sworn testimony that he did not mention Greer in the ARP grievance that he filed. See Official Transcript of Omnibus Proceedings [ECF No. 28] at 14:3-5. A prisoner's grievance must be sufficiently specific to provide officials with "a fair opportunity to address the problem that will later form the basis of the lawsuit." Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004). Defendant's ARP grievance fails to do so with respect to Greer.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge F. Keith Ball's Report and Recommendation [ECF No. 30] is **ADOPTED** as the findings and conclusions of this Court; and

IT IS FURTHER ORDERED that Defendant D. Greer's Motion For Summary Judgment Based On Plaintiff's Failure To Exhaust Administrative Remedies [ECF No. 23] is **GRANTED**; and

4

IT IS FURTHER ORDERED that Defendant D. Greer, and the claims asserted against her, are dismissed without prejudice from this lawsuit.

SO ORDERED this the 25th day of January 2024.


                                       /s/   David Bramlette
                                  UNITED STATES DISTRICT JUDGE