IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

RAYMOND KEITH THOMAS                                          PLAINTIFF

v.                                      CRIMINAL NO. 5:22-cv-81-DCB-ASH

J. BURKE                                                      DEFENDANT

ORDER

This matter comes before the Court on Plaintiff Raymond Keith Thomas's Motion for Settlement [ECF No. 60] and Motion for Pro Se Attorney Fees [ECF No. 61]. For the following reasons, the Court finds that each motion should be DENIED.

Plaintiff filed his civil rights complaint in this Court on September 26, 2022 against J. Burke, D. Greer, Management Training Corp, and VitaCore Medical Co. [ECF No. 1]. On January 25, 2024, D. Greer was terminated as a party, and on March 16, 2023, the Court terminated Management Training Corp. and VitaCore Medical Co. on Plaintiff's motion. [ECF No. 35]; [ECF No. 11]. After January 25, 2024, J. Burke was the only remaining defendant.

On January 8, 2025, Thomas filed a motion to dismiss the remaining action against J. Burke, which the Court granted on February 2, 2025, dismissing the case without prejudice. [ECF No. 53]; ECF No. 58]. Since the dismissal of this case, Plaintiff has filed three documents with this court. First, he

filed an objection to Burke's declaration [ECF No. 45-1]. [ECF No. 59]. In this filing, Plaintiff objects to Burke's characterization of the pain medication he administered to Thomas and asks that the Court obtain an expert opinion "to verify the proscribed [sic] pain medication differences to prove that the defendant James Burke's declaration is inappropriate and misleading." Id. at 2. This filing comes after the case was dismissed on Plaintiff's motion and is untimely.

Plaintiff next filed a motion for settlement, in which he states he is willing to settle this case. [ECF No. 60]. This motion is moot, as the case has been dismissed on Plaintiff's motion. Therefore, Thomas's motion for settlement is DENIED.

Thomas also filed a motion for pro se attorney's fees. [ECF No. 61]. As a pro-se litigant, Thomas is not entitled to attorney's fees. De Mino v. Achenbaum, 136 F. App'x 695 (5th Cir. 2005). Therefore, this motion is DENIED.

SO ORDERED this  3rd  day of April, 2025.

s/David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE
